# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ROBERT DAVIS**                                                                              **PETITIONER**

**v.**                                                          **No. 4:13CV19-MPM-JMV**

**WASHINGTON CO., ET AL.**                                                   **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Robert Davis for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Davis has not responded, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

## Facts and Procedural Posture

Robert Davis is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. Davis was convicted of Count I - kidnapping, Count II - kidnapping, and Count III - rape in the Circuit Court of Washington County, Mississippi. He was sentenced on April 5, 2002, as a habitual offender under Miss. Code Ann. § 99-19-81, to serve thirty years for Count I - kidnapping, thirty years for Count II - kidnapping, and life for Count III - rape, in the custody of the Mississippi Department of Corrections. Davis appealed his convictions and sentences to the Mississippi Supreme Court. On January 6, 2004, the Mississippi Court of Appeals affirmed the lower court's judgment. *Davis v. State*, 860 So.2d 1000 (Miss.Ct.App. 2004)(Case No. 2002–KA–00780–COA). The records of the Mississippi Supreme Court show that Davis did not timely file a motion for rehearing in the Mississippi Court of Appeals. On May 16, 2005, Davis filed *pro se* Application to Proceed in the Trial Court with a Motion for Post-Conviction

Relief in the Mississippi Supreme Court (signed on December 28, 2004). On June 15, 2005, the Mississippi Supreme Court denied the application as without merit and under Miss. Code Ann. § 99-39-27(5). Davis filed another Application to Proceed in the Trial Court with a Motion for Post-Conviction Relief in the Mississippi Supreme Court on November 5, 2008, which was dismissed as time-barred on December 16, 2008.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

As Davis never sought rehearing in the Mississippi Court of Appeals, fourteen days, the time period during which he could have sought such review, is added to the date on which his

direct appeal ended and his conviction became final. *See* Rule 40(a), Mississippi Rules of Appellate Procedure; *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). As such, his conviction became final on January 20, 2004, fourteen days after his it was affirmed. (January 6, 2004, plus 14 days). Thus, Davis' federal *habeas corpus* petition was due January 20, 2005. Davis filed a an application for post-conviction relief ("PCR") as contemplated by 28 U.S.C. § 2244(d)(2) on or before January 20, 2005, and that tolled the limitations period. *See Grillete v. Warden*, 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Davis' first motion for PCR was signed on December 28, 2004, though it was not filed in the court until May 16, 2005. Using the date of the signature[1], Davis is entitled to a statutory tolling of the AEDPA's one year statute of limitations for the pendency of his motion – a period of 169 days from the day his one-year time limitation period would have originally expired, January 20, 2005. This leads to a new federal *habeas corpus* deadline of July 8, 2005 (January 20, 2005, plus 169 days). Davis' second motion for PCR was signed and filed well outside the expiration of the limitations period, thus, it does not toll the limitations period. Therefore, Davis' federal *habeas corpus* expired on July 8, 2005.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing

---

1 The court will give Davis the benefit of the doubt here, even though his PCR motion was actually filed months after he signed it. The court will make no further inquiry into the delay because it does not affect the outcome of this case.

*Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on January 29, 2013, and the date it was received and stamped as "filed" in the district court on February 6, 2013. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 2,762 days (over seven years) after the July 8, 2005, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 28th day of May, 2014.

> **/s/ Michael P. Mills**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**
> **NORTHERN DISTRICT OF MISSISSIPPI**